# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 18-139 |
| | ) | Judge Nora Barry Fischer |
| STEPHEN BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

On October 15, 2019, the Court held a hearing and oral argument on the Government's motion for an upward departure pursuant to § 4A1.3(a) of the United States Sentencing Guidelines and/or an upward variance under 18 U.S.C. §§ 3553(a)(1) and (a)(2). The transcript of that hearing was filed on November 13, 2019, and neither party elected to submit any post-hearing briefing on the matter. After review and consideration of the transcript of the October 15th proceedings and the parties' respective positions, the Court will grant the Government's motion for an upward departure under Guideline § 4A1.3 and depart upward to criminal history category IV, but holds in abeyance ruling on the Government's request for an upward variance until the time of sentencing.

## I. BACKGROUND

On April 30, 2019, Defendant pled guilty to distribution and possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), as charged in the Indictment at Counts

1

Two and Six, respectively. As set forth in the Presentence Investigation Report ("PIR"), the Probation Office determined that Defendant's total offense level is 23 and with a criminal history category of III, the advisory guidelines range is 57 to 71 months' imprisonment. However, the guidelines range is increased to 60 to 71 months' imprisonment because the statutorily required minimum sentences of 60 months' imprisonment at each count are greater than the minimum of the applicable guideline range.

Neither party had any objections to the PIR, but the Government indicated in its Position With Respect to Sentencing Factors its intent to seek an upward departure and/or upward variance from the guidelines range because Defendant's criminal history category of III dramatically understates the nature and extent of his lengthy and violent criminal history. Given the lack of objections from the parties, the Court determined in its Tentative Findings and Rulings that Defendant's advisory guidelines range is 60 to 71 months' imprisonment as computed in the PIR.

In anticipation of the sentencing hearing which had been scheduled to occur on October 15, 2019, the Government filed its sentencing memorandum (Docket No. 57) wherein it moved for an upward departure under Guideline § 4A1.3(a) and/or an upward variance under relevant § 3553(a) factors. According to the Government, the pertinent facts of this case are much worse and are not adequately accounted for by the advisory guidelines range. The Government submits that this is far from a typical offense level 23 / criminal history category III case, and that Defendant's conduct in 2018 was atrocious and demands an upward departure or variance to a sentence of no less than 120 months' imprisonment to properly account for it. (*Id.* at 1-2). Conversely, Defendant advocates in his sentencing memorandum (Docket No. 58) that a

sentence of 64 months' imprisonment is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.

Instead of conducting the sentencing hearing as scheduled on October 15th, the Court held a hearing and oral argument on the Government's motion for an upward departure and/or upward variance. The Government did not present any evidence at the hearing but made additional argument in support of its motion to depart or vary upward, to which Defendant's counsel responded. At the conclusion of the argument, the Court ordered preparation of the transcript and took the matter under advisement. After considering the parties' positions, the Court finds that an upward departure under Guideline § 4A1.3 is warranted for reasons explained below. The Court will consider the Government's motion for an upward variance when it addresses the relevant § 3553(a) factors at the time of sentencing.

## II. ANALYSIS

In analyzing the Government's motion for an upward departure, the operative section of the Guidelines is § 4A1.3(a)(1), which sets forth the standard for an upward departure as follows:

> **If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.**

Guideline § 4A1.3(a)(2) lists the types of information which may inform such a decision including:

> (A) prior sentences not used in computing the criminal history category;
>
> (B) prior sentences of substantially more than one year imposed as a result of independent crimes committed on different occasions;
>
> (C) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;

3

(D) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense; and

(E) prior similar adult criminal conduct not resulting in a criminal conviction.

With that said, § 4A1.3(a)(3) prohibits the Court from considering a prior arrest record, by itself, to support an upward departure. Finally, it is well settled that whether to grant a departure is committed to the sound discretion of the Court. *United States v. Perry*, 460 F. App'x 149, 153 (3d Cir. 2012).

The Defendant now stands before the Court with six (6) criminal history points and a criminal history category of III. As stated, the Government moves for an upward departure but does not specify which criminal history category appropriately accounts for Defendant's criminal history or the likelihood that he will commit other crimes, only advocating that the Court should impose a sentence of no less than 120 months' imprisonment. The Government's argument for an upward departure (or upward variance) is based on the following: (1) Defendant engaged in the instant offense conduct shortly after the conclusion of a state drug trafficking prosecution triggered by a traffic stop in Chester County, Pennsylvania; (2) Defendant's offense conduct in this case involved knowingly distributing fentanyl pills that were mislabeled so that they appeared to be Oxycodone; (3) Defendant made statements during undercover buys indicating that one of his customers died from consuming the mislabeled fentanyl pills, he was acquiring thousands of mislabeled fentanyl pills from outside this District and distributing them here, he was also acquiring large quantities of heroin and cocaine, he was trying to acquire assault rifles and pistols for his Dominican drug source of supply and he was in possession of a .357 revolver and a bullet-proof vest; and (4) he did not receive any criminal history points for his Ohio aggravated robbery with a firearm conviction due to its age, and the criminal history computation

does not account for the length of his 10 to 20 year sentence of incarceration for murder. (Docket No. 57 at 2-6).

Turning to the upward departure analysis, guidance provided by Application Note 8 to § 4A1.2 is relevant to the first factor the Court is to consider under § 4A1.3(a)(2)(A), that is, prior sentences not used in computing the criminal history category. Pursuant to Note 8, if the Court finds that a sentence imposed outside of the relevant time period is evidence of similar, or serious dissimilar, criminal conduct, the Court may consider that information in determining whether an upward departure is warranted under § 4A1.3. Relevant here, in 1990 when Defendant was 21 years old, he was sentenced in the Summit County Common Pleas Court in Akron, Ohio to a total term of 11 to 28 years' imprisonment for aggravated robbery with a firearm. (Docket No. 48, ¶ 39). Defendant did not receive any criminal history points for this conviction due to its age. (*See id.*).

In accordance with § 4A1.3(a)(2)(A) and Application Note 8 to § 4A1.2, the Court will consider Defendant's uncounted conviction for aggravated robbery with a firearm. Although that conviction involved conduct dissimilar to the current drug trafficking offenses, it is certainly evidence of serious criminal conduct. By its very nature, Defendant's aggravated robbery with a firearm conviction involved dangerous and violent behavior which presented a danger or disregard to the safety of others. *See Perry*, 460 F. App'x at 153 (citations omitted) (to ignore the defendant's 1979 juvenile adjudication for aggravated assault and 1980 adult conviction for attacking a corrections officer in the upward departure analysis "would serve merely to obscure [the defendant's] serious history of criminality and the likelihood that he would commit crimes in the future"); *United States v. Adams,* 385 F. App'x 114, 117 (3d Cir. 2010) (upward departure was warranted where the defendant's prior convictions, which were excluded from the criminal

does not account for the length of his 10 to 20 year sentence of incarceration for murder. (Docket No. 57 at 2-6).

Turning to the upward departure analysis, guidance provided by Application Note 8 to § 4A1.2 is relevant to the first factor the Court is to consider under § 4A1.3(a)(2)(A), that is, prior sentences not used in computing the criminal history category. Pursuant to Note 8, if the Court finds that a sentence imposed outside of the relevant time period is evidence of similar, or serious dissimilar, criminal conduct, the Court may consider that information in determining whether an upward departure is warranted under § 4A1.3. Relevant here, in 1990 when Defendant was 21 years old, he was sentenced in the Summit County Common Pleas Court in Akron, Ohio to a total term of 11 to 28 years' imprisonment for aggravated robbery with a firearm. (Docket No. 48, ¶ 39). Defendant did not receive any criminal history points for this conviction due to its age. (*See id.*).

In accordance with § 4A1.3(a)(2)(A) and Application Note 8 to § 4A1.2, the Court will consider Defendant's uncounted conviction for aggravated robbery with a firearm. Although that conviction involved conduct dissimilar to the current drug trafficking offenses, it is certainly evidence of serious criminal conduct. By its very nature, Defendant's aggravated robbery with a firearm conviction involved dangerous and violent behavior which presented a danger or disregard to the safety of others. *See Perry*, 460 F. App'x at 153 (citations omitted) (to ignore the defendant's 1979 juvenile adjudication for aggravated assault and 1980 adult conviction for attacking a corrections officer in the upward departure analysis "would serve merely to obscure [the defendant's] serious history of criminality and the likelihood that he would commit crimes in the future"); *United States v. Adams,* 385 F. App'x 114, 117 (3d Cir. 2010) (upward departure was warranted where the defendant's prior convictions, which were excluded from the criminal

history calculation due to their age, demonstrated a pattern of violent behavior). If Defendant's aggravated robbery with a firearm conviction had been included in the criminal history computation, he would have been assigned three (3) points for it, plus the six (6) points that he was assessed, for a total of nine (9) points, which is in criminal history category IV. *See Perry*, 460 F. App'x at 153-54 (in sentencing a defendant for being a felon in possession of a firearm, the district court did not exceed its discretion in applying upward departure based on under-representation of criminal history; court properly considered the defendant's juvenile adjudication for aggravated assault and his previous, uncounted adult conviction for attacking corrections officer which occurred over 30 years prior to the current offense).

Moving on to other factors the Court is to consider under § 4A1.3(a)(2), subsection (B) provides that an upward departure may be appropriate if a defendant has "prior sentences of substantially more than one year imposed as a result of independent crimes committed on different occasions." As just discussed, Defendant received a sentence of 11 to 28 years' imprisonment on the Ohio conviction of aggravated robbery with a firearm. (Docket No. 48, ¶ 39). Additionally, Defendant was sentenced in 1992 in the Court of Common Pleas of Philadelphia County, Pennsylvania to a term of 10 to 20 years' imprisonment following his guilty plea to murder. (*Id.*, ¶ 40). According to the criminal complaint in that case, on December 24, 1988, Defendant fired several shots at a 17-year old male, causing his death. (*Id.*).

Next, it appears that § 4A1.3(a)(2)(C) requiring "similar misconduct established by a civil adjudication or failure to comply with an administrative order" does not apply in this case. Likewise, § 4A1.3(a)(2)(D) is inapplicable because the PIR indicates that Defendant does not have any pending charges. (Docket No. 48, ¶ 46).

As to § 4A1.3(a)(2)(E) concerning "prior similar adult criminal conduct not resulting in a criminal conviction," the Government submits that the Court should consider Defendant's conduct underlying his Chester County drug trafficking prosecution, which concluded in September 2017 after Defendant successfully moved to suppress evidence from a traffic stop.[1] (Docket No. 57 at 2-3). This alleged criminal conduct is set forth in the PIR's list of "other arrests." (Docket No. 48, ¶ 56). As previously stated, Guideline § 4A1.3(a)(3) expressly prohibits the Court from relying on a bare arrest record in determining whether an upward departure is appropriate. *See Berry*, 553 F.3d at 284. While a court cannot base its sentencing decision on a bare arrest record, consideration of underlying conduct is permissible where the Government proffers reliable evidence of that conduct or where the presentence report adequately details the underlying facts without objection from the defendant. *Id.; see also United States v. Battle*, 701 F. App'x 97, 101 (3d. Cir. 2017) (explaining that a bare arrest record describes the reference to the mere fact of an arrest (*i.e.*, date, charge, jurisdiction and disposition), without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest). Again, the PIR simply lists under "other arrests" the offenses with which Defendant was charged in Chester County without any factual description, and the Government has not otherwise proffered reliable evidence of the conduct underlying his Chester County prosecution. The Government only attached to its Sentencing Memorandum the criminal complaint and affidavit of probable cause detailing the alleged

---

[1] The Government relies on *United States v. Payano*, 930 F.3d 186, 197-98 (3d Cir. 2019) in support of its position that the Court should consider Defendant's conduct underlying the Chester County case to impose a sentence above the advisory guidelines range in this case. (Docket No. 57 at 3). *Payano* did not consider the propriety of an upward departure under Guideline § 4A1.3, but rather whether it was permissible for the district court to vary upward because the defendant's uncharged drug trafficking conduct mirrored conduct underlying his prior conviction. *Id.* at 198. Whether the analysis is in the context of a departure or a variance, as explained herein, consideration of a defendant's underlying prior conduct is permissible where the Government proffers reliable evidence of that conduct or where the presentence report adequately details the underlying facts without objection from the defendant. *See United States v. Berry*, 553 F.3d 273, 284 (3d Cir. 2009).

7

circumstances of the traffic stop which led to the charges. (*See* Docket No. 57-1). Given the Government's candid acknowledgment that the state prosecution ended after Defendant successfully moved to suppress evidence from the Chester County traffic stop, (Docket No. 57 at 3), and the fact that it produced no additional evidence concerning the case, the Court is unable to conclude that the criminal complaint and affidavit of probable cause are reliable evidence of Defendant's conduct in that case.

Finally, in advocating for an upward departure, the Government points to Defendant's distribution of fentanyl pills mislabeled as oxycodone and his statements during undercover buys indicating that one of his customers died consuming mislabeled fentanyl pills, he was acquiring thousands of mislabeled fentanyl pills and large quantities of heroin and cocaine for distribution here, he was trying to acquire assault rifles and pistols for his Dominican drug source of supply and he was in possession of a .357 revolver and a bullet-proof vest. Pursuant to § 4A1.3(a)(2), this is not the type of information the Court may consider in the upward departure analysis, but it may bear on whether a variance is warranted.

Therefore, in view of (1) the Defendant's serious aggravated robbery with a firearm conviction that was not counted, (2) his lengthy independent sentences for murder and aggravated robbery with a firearm, and (3) his demonstrated recidivism, the Court finds that Defendant's criminal history category of III substantially under-represents the seriousness of his criminal history and the likelihood that he will reoffend. Accordingly, the Court will depart upward from criminal history category III to criminal history category IV. The Court finds that a departure to criminal history category IV is appropriate for reasons discussed above and the following additional reasons.

In granting an upward departure for under-representation of criminal history, Guideline § 4A1.3(a)(4)(A) directs the Court to "determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." The Third Circuit Court of Appeals has interpreted this guidance as requiring the district court to follow a "ratcheting" procedure whereby it "proceed[s] sequentially through the categories and must not move to the next category until it has found that a prior category still fails adequately to reflect the seriousness of the defendant's history." *United States v. Cicirello*, 301 F.3d 135, 145 (3d Cir. 2002). However, the ratcheting procedure "does not require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category it selects." *United States v. Harris*, 44 F.3d 1206, 1212 (3d Cir. 1995) (citation omitted). Rather, a sentencing court complies with the ratcheting procedure if its "reasons for rejecting each lesser category [are] clear from the record as a whole." *Id.*

Here, Defendant's criminal history and propensity to engage in dangerous, violent criminal conduct is not commensurate with those individuals who have between four and six points and fall in category III. As already discussed, if points had been assigned to the Defendant's uncounted prior conviction of aggravated robbery with a firearm, he would have three (3) points in addition to the six (6) points he was assigned, for a total of nine (9) points, placing him in category IV. The Court believes that Defendant's criminal history involving lengthy independent sentences for murder and aggravated robbery with a firearm and his likelihood to recidivate more closely resemble offenders who fall within category IV, rather than those with a more moderate criminal history in category III. Accordingly, the Court finds that an upward departure is warranted here.

### III. CONCLUSION

For the reasons detailed herein, the Court will depart upward from criminal history category III to criminal history category IV in Defendant's case.

An appropriate Order follows.

### ORDER OF COURT

AND NOW, this 30th day of December, 2019, for the reasons set forth in the Memorandum above, IT IS ORDERED that the Government's motion for an upward departure under U.S.S.G. § 4A1.3(a) as set forth in its Sentencing Memorandum (Docket No. 57) is granted. The Court finds that criminal history category III under-represents the seriousness of Defendant Stephen Barnes' criminal history and the likelihood that he will commit other crimes, and thus departs upward to criminal history category IV. Accordingly, based on a total offense level of 23 and a criminal history category of IV, Defendant's recalculated advisory guideline sentencing range is 70 to 87 months' imprisonment. The Court will address the Government's argument for an upward variance, and Defendant's position as to an appropriate sentence in this case, at the sentencing hearing to be scheduled by separate order of Court.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All Counsel of Record
       U.S. Probation Office